IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Byron Bernard Sadler,<br><br>       Petitioner,<br><br>vs.<br><br>M. Travis Bragg,<br><br>       Respondent. | C/A No. 0:20-cv-0665-JFA-PJG<br><br><br>**ORDER** |

*Pro se* petitioner Byron Bernard Sadler ("Petitioner"), a federal prisoner, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice and without requiring the Respondent to file a return. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner failed to file objections to the Report. Thus, this matter is ripe for review.

Within his petition, Petitioner seeks to avail himself of the savings clause within 28 U.S.C. § 2255(e)[2] based on the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). Within the Report, the Magistrate states that:

> Petitioner also relies on the Fourth Circuit's recent decision in *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020); to argue that his conviction is a fundamental defect and should be vacated. However, *Lockhart* is inapposite to Petitioner's case because *Lockhart* does not speak to the issue of whether Rehaif is a substantive change in the law that can be the basis of a claim that can meet the savings clause.

Shortly after the Magistrate Judge issued this Report, the Fourth Circuit Court of Appeals issued its ruling in *United States v. Gary*, 954 F.3d 194, 200 (4th Cir. 2020). Therein, the Fourth Circuit stated that:

> We find that a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights. We further find that the error seriously affected the fairness, integrity and public reputation of the judicial proceedings and therefore must exercise our discretion to correct the error.

*Id.* Accordingly, it appears that the Fourth Circuit's opinion in *Gary* may alter the Magistrate Judge's prior analysis. Accordingly, this matter is recommitted back to the Magistrate Judge to determine what effect, if any, the Fourth Circuit's ruling in *Gary* has on Petitioner's ability to avail himself to the savings clause in § 2255(e).

---

[2] A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e).

Additionally, this court would note that a petition for rehearing en banc is expected in *United States v. Gary*, No. 18-4578, Doc. 55, (4th Cir. April 2, 2020). Accordingly, the Magistrate Judge may wish to defer ruling on this issue until the Fourth Circuit has issued its final mandate in *Gary*.

IT IS SO ORDERED.

April 23, 2020                       Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge